# MOSES & SINGER LLP

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800   Fax: 212.554.7700
www.mosessinger.com

Robert D. Lillienstein, Esq.
Direct: 212.554.7807  Fax: 917.206.4307
rlillienstein@mosessinger.com

April 10, 2013

**VIA ECF**

Honorable Kenneth M. Karas
United States District Court (S.D.N.Y.)
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

Re:  Angermeir, et al. v. Cohen, et al.;
     No. 12-cv-0055

Dear Judge Karas:

We represent the Defendants in the above captioned matter. I am writing in response to the March 28, 2013 letter from Plaintiffs' counsel, Krishnan Chittur. I will address Mr. Chittur's points in order.

First, Mr. Chittur's submission of court filings in an unrelated action is nothing more than a highly transparent attempt to poison this Court with inflammatory but wholly unproven allegations that are completely irrelevant to the motion pending before the Court. In ruling on the motion to dismiss that is before Your Honor, the Court is limited to the allegations of the First Amended Complaint ("FAC") and to documents referred to in the FAC. The court filings submitted with Mr. Chittur's letter are not referred to in the FAC and are irrelevant to the claims made in the FAC, which involves improbable allegations that all eleven named defendants forged the equipment leases of all nine Plaintiffs so that "defendants" could start "bogus" lawsuits against them.[1] The unrelated court filings should not even be considered by the Court in ruling on the motion. Indeed, Mr. Chittur should be admonished for employing a litigation strategy that has already multiplied proceedings in this case needlessly, by forcing Defendants to respond to a "sur-reply" that was unauthorized, and that has no bearing on the pending motion.

Second, Mr. Chittur's reference to a decision in another unrelated matter – *Pludeman v. Northern Leasing Systems, Inc.*, 10 N.Y.3d 485 (2008) is improper for the reasons discussed above, and also because he misrepresents the import of the decision. The State court *Pludeman* decision did not address the pleading requirements of Fed. R. Civ. P. 9(b) and 8(a), and is

---

[1] Mr. Chittur attempts to justify his misguided efforts by stating that his letter was in response to "some new arguments" raised in Defendants' Reply Memo, and that his reference to unproven allegations made in the unrelated case establish *scienter*. This is curious since the issue of *scienter* was never raised in either Defendants' initial motion papers or in their reply papers. Mr. Chittur's misrepresentations to the Court simply serve to expose his letter as nothing more than a calculated attempt to poison this Court.

983301v1  011082.0148

## MOSES & SINGER LLP

Hon. Kenneth M. Karas
April 10, 2013
Page 2

inconsistent with the requirements of those rules. Notably, Mr. Chittur's letter fails to cite any authority under the applicable Rules that prohibit Plaintiffs' practice of lumping allegations against all defendants together, without identifying what any of them has done.

Third, Mr. Chittur's argument that by serving information subpoenas and restraining notices on out of state bank accounts, "defendants" caused an injury in New York for purpose of General Business Law section 349, is wrong, purposely misleading, and completely unsupported. It appears that the entire premise for Mr. Chittur's confusing argument is based on the existence of *a turnover order* pursuant to N.Y. C.P.L.R. §5225, which requires a person to turn over property owned by a judgment debtor to a judgment creditor. However, contrary to Mr. Chittur's misguided statement that "[p]ost-judgment attachment . . . is the provision that Defendants used to enforce their default judgments against some plaintiffs," there is no such thing as a post-judgment attachment under Article 52 of the CPLR,[2] and even if there was, it would be irrelevant because there is no allegation in the FAC of either an attachment or a turnover order. Rather, the FAC refers to three bank accounts being "frozen" (FAC, ¶48 (Bhagwanani), ¶58 (Elder's mother's account), ¶100 (Greene's mother's account)[3] -- an apparent reference to restraining notices that were served.[4] Plaintiffs have provided no authority that service of a restraining notice on an out of state bank account causes injury in New York for purposes of General Business Law section 349.[5] Logic and case law leads to the opposite conclusion – that a

---

[2]   Although Mr. Chittur's letter uses the phrase "post-judgment attachment," I am aware of no such thing in New York. I believe that he is referring to a turnover order under CPLR 5225. That is the statute he references in his letter and it also the statute that is addressed in all of the cases he cites.

[3]   Only one of the nine Plaintiffs (Bhagwanani) actually alleges that a restraining notice was served on an account belonging to that Plaintiff. The other two Plaintiffs who mention accounts being frozen allege that the accounts in question were owned by their mothers. (FAC, ¶58, 100). Even accepting Plaintiffs' unsupported legal argument as somehow creating a right to assert a claim under G.B.L. §349, the eight plaintiffs who did not receive restraining notices cannot possibly claim that they sustained injury in New York. Mr. Chittur's letter offers no reaons why those plaintiffs GBL §349 claims should not be dismissed.

[4]   This is confirmed by the exhibits that Mr. Chittur attached to his Reply Affirmation, which appear to be information subpoenas and restraining notices that were allegedly served. *See* dkt #13, Exs. 2-3.

[5]   None of the cases cited by Mr. Chittur involves a restraining notice. *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533 (2009) held that a New York court had the power under CPLR 5225(b) to order a bank over which it had personal jurisdiction to turn over property that it held out of state in satisfaction of a New York judgment. *Northern Mariana Islands v. Millard*, 287 F.R.D. 204 (S.D.N.Y. Apr 12, 2012) holds that a federal court does not have power under CPLR 5225(b) to order a bank that has control (but not possession or custody) over out of state assets belonging to a judgment debtor to turn over that property. *JW Oilfield Equip., LLC v. Commerzbank, AG.*, 764 F.Supp.2d 587 (S.D.N.Y. 2011) holds that a federal court has the power under CPLR 5225(b) to direct a bank over which it has jurisdiction to turn over assets belonging to a judgment debtor, even if those assets are held outside the country.

928163v2 011082.0148

## MOSES & SINGER LLP

Hon. Kenneth M. Karas
April 10, 2013
Page 3

restraining notice served on an out of state bank account causes injury, if at all, outside New York. As such, the allegation that three out of state bank accounts were frozen is clearly insufficient to state a claim of a violation of G.B.L. §349. *Kaufman v. Sirius XM Radio, Inc.*, 474 Fed. Appx. 5, at *8-9 (2d Cir. 2012).

      Finally, it should be pointed out that Mr. Chittur's letter continues his improper practice of making broad, unsupported allegations against all "defendants" generally, in violation of Fed. R. Civ. P. 8(a) and 9(b). For example, he refers to unproven allegations made by the Attorney General as establishing "Defendants' fraudulent intent" and the "shenanigans used by Defendants." Apart from the fact that the allegations made in that case are unproven, and are unrelated to the claims made in this case, those allegations do not even purport to be addressed to eight of the eleven defendants named in this case, who were not named as Respondents in the proceeding brought by the Attorney General. Mr. Chittur's letter continues his reprehensible practice of implausibly attributing every alleged bad act to every defendant, irrespective of whether he is aware of any evidence tying a particular defendant to those allegations. Mr. Chittur's letter therefore serves to highlight the fact that the FAC fails to plausibly attribute any wrongful conduct alleged to any of the defendants named in this suit. As a result, the FAC should be dismissed in its entirety. *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001). *See also*, cases cited at pp. 8-13 of Defendants Memorandum of Law In Support of Defendants' Motion To Dismiss The First Amended Complaint (dkt #16).

Respectfully submitted,

Robert D. Lillienstein

cc:     Krishnan Chittur, Esq. (by ECF)

928163v2  011082.0148