Robert D. Lillienstein, Esq. (rlillienstein@mosessinger.com)
Jordan Greenberger, Esq. (jgreenberger@mosessinger.com)
MOSES & SINGER LLP
*Attorneys for Defendants*
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 554-7800 (telephone)
(212) 554-7700 (facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR ANGERMEIR, NITESH BHAGWANANI, KEN ELDER, BECKY D. GLYNN, RAJAT GOYAL, KRISTINA GREENE, LOUIS MARROU, MARILYN MURRELL, AND DR. SHIVA NANCY SHABNAM,<br><br>        Plaintiffs,<br><br> – against –<br><br>JAY COHEN, SARA KRIEGER, JENNIFER CENTENO, LOUIS CUCINOTTA, RICARDO BROWN, ROBERT TAYLOR, JOSEPH I. SUSSMAN, JOSEPH I. SUSSMAN, P.C., LEASE FINANCE GROUP, LLC, MBF LEASING LLC and NORTHERN LEASING SYSTEMS, INC.,<br><br>        Defendants. | 12 Civ. 0055 (KMK)<br><br><br>**ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIMS** |

   WHEREAS by its Opinion and Order dated March 27, 2014, the Court dismissed

Plaintiffs' New York Gen. Bus. Law § 349 claim, but did not dismiss either of Plaintiffs' civil

RICO claims brought under 18 U.S.C. § 1964(c);

   Defendants Jay Cohen ("Cohen"), Sara Krieger ("Krieger"), Jennifer Centeno

("Centeno"), Louis Cucinotta ("Cucinotta"), Ricardo Brown ("Brown"), Robert Taylor

("Taylor"), Joseph I. Sussman ("Sussman"; with Cohen, Krieger, Centeno, Cucinotta, Brown and

Taylor, the "Individual Defendants"), Joseph I. Sussman, P.C ("JIS")., Lease Finance Group,

LLC ("LFG"), MBF Leasing LLC ("MBF"), and Northern Leasing Systems, Inc. ("NLS"; with

JIS, LFG and MBF, the "Corporate Defendants") (the Individual Defendants and Corporate Defendants collectively, "Defendants"), by their attorneys, Moses & Singer LLP,

(i) answer the First Amended Complaint, filed August 31, 2012 [Doc. 8] (the "Amended Complaint"); and,

(ii) NLS, MBF and LFG, pursuant to Fed. R. Civ. P. 13, counterclaim against plaintiffs Arthur Angermeir ("Angermeir"), Nitesh Bhagwanani ("Bhagwanani"), Ken Elder ("Elder"), Kristina Greene ("Greene"), and Marilyn Murrell ("Murrell"), as follows:

1.     Defendants deny the allegations of paragraph 1 of the Amended Complaint.

2.     The allegations contained in paragraph 2 of the Amended Complaint consist entirely of legal argument and conclusions, to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendants deny those allegations.

3.     Defendants deny the allegations of paragraph 3 of the Amended Complaint.

4.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Amended Complaint, and, for this reason, deny those allegations.

5.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Amended Complaint, and, for this reason, deny those allegations.

6.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Amended Complaint, and, for this reason, deny those allegations.

7. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Amended Complaint, and, for this reason, deny those allegations.

8. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Amended Complaint, and, for this reason, deny those allegations.

9. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Amended Complaint, and, for this reason, deny those allegations.

10. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Amended Complaint, and, for this reason, deny those allegations.

11. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint, and, for this reason, deny those allegations.

12. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Amended Complaint, and, for this reason, deny those allegations.

13. Defendants deny the allegations of paragraph 13 of the Amended Complaint, except admit that Cohen is an officer and Chief Executive Officer of NLS.

14. Defendants deny the allegations of paragraph 14 of the Amended Complaint, except admit that Krieger is an officer and Vice President Operations of NLS and that she has verified complaints filed in the New York City Civil Court.

15.    Defendants deny the allegations of paragraph 15 of the Amended Complaint except admit that Centeno has verified complaints filed in the New York City Civil Court.

16.    Defendants deny the allegations of paragraph 16 of the Amended Complaint except admit that Cucinotta has verified complaints filed in the New York City Civil Court .

17.    Defendants deny the allegations of paragraph 17 of the Amended Complaint except admit that Brown has verified complaints filed in the New York City Civil Court.

18.    Defendants deny the allegations of paragraph 18 of the Amended Complaint except admit that Taylor has verified complaints filed in the New York City Civil Court.

19.    Defendants deny the allegations of paragraph 19 of the Amended Complaint, except admit that Sussman is an attorney duly admitted to practice law in the State of New York, admits that his firm represents Northern Leasing Systems, Inc. and other related companies in collection actions, and admits that he has access to the CCS computer system, and admits that his offices are located at the same location as Northern Leasing.

20.    Defendants deny the allegations of paragraph 20 of the Amended Complaint, except admit that Joseph I Sussman, P.C. is a New York professional corporation with its principal executive office at 132 West 31st Street, Suite 1320, New York, NY 10001, and that Sussman is the chief executive officer of JIS.

21.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Amended Complaint, except admit that MBF is a New York limited liability company and that NLS provides servicing for MBF.

22.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Amended Complaint, except admit that LFG is a Delaware limited liability company and that NLS provides servicing for LFG.

23.     Defendants deny the allegations of paragraph 23 of the Amended Complaint, except admit that NLS is a New York business corporation with its principal executive office at 132 West 31st Street, 14th Floor, New York, New York 10001, and admit that NLS has employees, bank accounts, offices, office equipment and other assets.

24.     Defendants deny the allegations of paragraph 24 of the Amended Complaint except admit that the business of NLS involves leasing small business equipment, including credit card processing machines.

25.     Defendants deny the allegations of paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations of paragraph 26 of the Amended Complaint.

27.     Defendants deny the allegations of paragraph 27 of the Amended Complaint.

28.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Amended Complaint, and, for this reason, deny those allegations.

29.     Defendants deny the allegations of paragraph 29 of the Amended Complaint.

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations of paragraph 31 of the Amended Complaint.

32.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Amended Complaint, and, for this reason, deny those allegations, except Defendants respectfully refer the Court to the construction, interpretation, purport, application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

33. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Amended Complaint, and, for this reason, deny those allegations, except Defendants respectfully refer the Court to the construction, interpretation, purport, application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

34. Defendants deny the allegations of paragraph 34 of the Amended Complaint.

35. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Amended Complaint, and, for this reason, deny those allegations, except Defendants respectfully refer the Court to the construction, interpretation, purport, application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

36. Defendants deny the allegations of paragraph 36 of the Amended Complaint.

37. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Amended Complaint, except admit that an action was commenced by MBF against Angermeir, and respectfully refer to the documents refererred to therein for their terms and meaning.

38. Defendants deny the allegations of paragraph 38 except admit that a default judgment against Angermeir was obtained on April 21, 2010.

39. Defendants deny the allegations of paragraph 39 of the Amended Complaint.

40. Defendants deny the allegations of paragraph 40 of the Amended Complaint except deny knowledge or information sufficient to form a belief as to the allegations as to what Mr. Angermeir "discovered" and what he "had to" do, and admit that the default judgment was vacated by stipulation.

41.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Amended Complaint.

42.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Amended Complaint.

43.     Defendants deny the allegations of paragraph 43 except deny knowledge and information sufficient to form a belief as to the truth of the allegation as to what Mr. Bhagwanani "noticed".

44.     Defendants knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations of paragraph 45 of the Amended Complaint.

46.     Defendants deny the allegations of paragraph 46 of the Amended Complaint, except admit that the signatures were not forgeries.

47.     Defendants deny the allegations of paragraph 47 of the Amended Complaint, except admit that on September 10, 2009, NLS, by its attorneys JIS, commenced a Civil Court action (Index No. 0042228/2009) against Bhagwanani, the complaint was verified by Cucinotta and notarized by Centento, and that a default judgment was entered against Bhagwanani. Judgment was entered on April 22, 2010 in the total amount of $6,824.01.

48.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations of paragraph 50 of the Amended Complaint.

51.    Defendants deny the allegations of paragraph 51 and allege that the default was vacated due to lack of timely filing of proof of service.

52.    Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations of paragraph 52 of the Amended Complaint.

53.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54.    Defendants deny the allegations of paragraph 54 of the Amended Complaint.

55.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Amended Complaint, and, for this reason, deny those allegations.

56.    Defendants deny the allegations of paragraph 56 of the Amended Complaint, and, for this reason, deny those allegations, except Defendants respectfully refer the Court to the construction, interpretation, purport, application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

57.    Defendants deny the allegations of paragraph 57 of the Amended Complaint except admit that Defendants did not refund any money.

58.    Defendants deny allegations of paragraph 58 of the Amended Complaint except admit that an action was commenced by MBF Leasing against Elder and admit that a default judgment was entered.

59.    Defendants deny the allegations of paragraph 59 of the Amended Complaint.

60.    Defendants deny the allegations of paragraph 60 of the Amended Complaint.

61.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Amended Complaint.

62.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Amended Complaint.

63.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Amended Complaint.

64.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Amended Complaint.

65.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Amended Complaint, except admit that an affidavit of forgery was requested.

66.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Amended Complaint, except admit hat a copy of a police report and affidavit of forgery was provided.

67.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Amended Complaint, except admit that a copy of Glynn's driver's license and social security card was provided.

68.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Amended Complaint.

69.     Defendants deny the allegations of paragraph 69 of the Amended Complaint.

70.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Amended Complaint.

71.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 71 except admit that an action was commenced by MBF against Glynn.

72. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 72.

73. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 73.

74. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 74.

75. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 75.

76. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Amended Complaint, and, for this reason, deny those allegations.

77. Defendants deny the allegations of paragraph 77 of the Amended Complaint, except admit that ACH deductions took place.

78. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Amended Complaint.

79. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the Amended Complaint.

80. Defendants deny the allegations of paragraph 80 of the Amended Complaint, except admit that a request was made for an affidavit of forgery.

81. Defendants deny the allegations of paragraph 81 of the Amended Complaint, except admit that an affidavit of forgery was sent.

82. Defendants deny the allegations of paragraph 82 of the Amended Complaint, except admit that an action was commenced by NLS against Goyal.

83. Defendants deny the allegations of paragraph 83 of the Amended Complaint.

84. Defendants deny the allegations of paragraph 84 of the Amended Complaint, except admit that Goyal moved to dismiss.

85. Deny the allegations of paragraph 85 of the Amended Complaint, except admit that Mr. Brown submitted an affidavit and respectfully refer to that document for its terms and meaning.

86. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the Amended Complaint, except deny that Mr. Brown's affidavit was false.

87. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 87 of the Amended Complaint.

88. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 88 of the Amended Complaint.

89. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Amended Complaint, except admit that Greene entered into an equipment finance lease for a credit card processing machine, and deny that Defendants' agent went to her restaurant.

90. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the Amended Complaint.

91. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Amended Complaint, except admit that Greene signed a non-cancellable lease with NLS and that Greene personally guaranteed the payments thereunder.

92.     Defendants deny the allegations of paragraph 92 of the Amended Complaint.

93.     Defendants deny the allegations of paragraph 93 of the Amended Complaint, except admit that a copy of the lease was attached to the Complaint that was served upon Greene.

94.     Defendants deny the allegations of paragraph 94 of the Amended Complaint.

95.     Defendants deny the allegations of paragraph 95 of the Amended Complaint, except admit that an action was commenced by NLS against Greene and that the Complaint was verified by Sara Krieger.

96.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the Amended Complaint, except admit that an affidavit of forgery was requested.

97.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 97 of the Amended Complaint, except admit that an affidavit of forgery was submitted.

98.     Defendants deny the allegations of paragraph 98 of the Amended Complaint.

99.     Defendants deny the allegations of paragraph 99 of the Amended Complaint, except admit that on September 10, 2007, a default judgment was entered against Ms. Greene.

100.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 of the Amended Complaint.

101.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 of the Amended Complaint.

102.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 of the Amended Complaint.

103. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 of the Amended Complaint.

104. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 of the Amended Complaint.

105. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105 of the Amended Complaint.

106. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 of the Amended Complaint.

107. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 of the Amended Complaint.

108. Defendants deny the allegations of paragraph 108 of the Amended Complaint, except admit that an action was commenced by NLS against Marrou and that complaint was verified by Taylor, whose signature was notarized by Centeno.

109. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 109 of the Amended Complaint.

110. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 110 of the Amended Complaint.

111. Defendants deny the allegations of paragraph 111 of the Amended Complaint.

112. Defendants deny the allegations of paragraph 112 of the Amended Complaint.

113. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 113 of the Amended Complaint.

114. Defendants deny the allegations of paragraph 114 of the Amended Complaint, except admit that a machine was returned.

115. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 115 of the Amended Complaint.

116. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 116 of the Amended Complaint.

117. Defendants deny the allegations of paragraph 117 of the Amended Complaint, except admit that an action was commenced against Murrell.

118. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 118 of the Amended Complaint, except admit that Centeno verified the Complaint in an action against Murrell.

119. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 119 of the Amended Complaint.

120. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 120 of the Amended Complaint.

121. Defendants deny the allegations of paragraph 121 of the Amended Complaint.

122. Defendants deny the allegations of paragraph 122 of the Amended Complaint, except admit that an action was commenced by LFG against Shabnam, and that the Complaint was verified Cucinotta, whose signature was notarized by Centeno, and respectfully refer to that document for its terms and meaning.

123. Defendants deny the allegations of paragraph 123 of the Amended Complaint.

124. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 124 of the Amended Complaint.

125. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 125 of the Amended Complaint.

126. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 126 of the Amended Complaint, except admit that an affidavit of forgery was requested.

127. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 127 of the Amended Complaint, except admit that an affidavit of forgery was provided.

128. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 128 of the Amended Complaint, except admit that a default judgment was vacated and the action dismissed with prejudice.

129. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 129 of the Amended Complaint.

130. In response to paragraph 130 of the Amended Complaint, Defendants repeat and re-allege their responses to the paragraphs incorporated therein by reference.

131. Defendants deny the allegations of paragraph 131 of the Amended Complaint and respectfully refer all questions of law to the Court.

132. Defendants deny the allegations of paragraph 132 of the Amended Complaint and respectfully refer all questions of law to the Court.

133. Defendants deny the allegations of paragraph 133 of the Amended Complaint and respectfully refer all questions of law to the Court.

134. Defendants deny the allegations of paragraph 134 of the Amended Complaint, except admit that Krieger is Vice President Operations for NLS and respectfully refer all questions of law to the Court.

135.    Defendants deny the allegations of paragraph 135 of the Amended Complaint and respectfully refer all questions of law to the Court.

136.    Defendants deny the allegations of paragraph 136 of the Amended Complaint.

137.    Defendants deny the allegations of paragraph 137 of the Amended Complaint.

138.    Defendants deny the allegations of paragraph 138 of the Amended Complaint, except admit that Sussman is an attorney duly admitted to practice law in the State of New York.

139.    Defendants deny the allegations of paragraph 139 of the Amended Complaint and respectfully refer all questions of law to the Court.

140.    Defendants deny the allegations of paragraph 140 of the Amended Complaint and respectfully refer all questions of law to the Court.

141.    Defendants deny the allegations of paragraph 141 of the Amended Complaint and respectfully refer all questions of law to the Court.

142.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 142 of the Amended Complaint, and respectfully refer all questions of law to the Court.

143.    Defendants deny the allegations of paragraph 143 of the Amended Complaint and respectfully refer all questions of law to the Court.

144.    Defendants deny the allegations of paragraph 144 of the Amended Complaint and respectfully refer all questions of law to the Court.

145.    Defendants deny the allegations of paragraph 145 of the Amended Complaint and respectfully refer all questions of law to the Court.

146.    Defendants deny the allegations of paragraph 146 of the Amended Complaint.

147. Defendants deny the allegations of paragraph 147 of the Amended Complaint and respectfully refer all questions of law to the Court.

148. Defendants deny the allegations of paragraph 148 of the Amended Complaint and respectfully refer all questions of law to the Court.

149. Defendants deny the allegations of paragraph 149 of the Amended Complaint and respectfully refer all questions of law to the Court.

150. Defendants deny the allegations of paragraph 150 of the Amended Complaint and respectfully refer all questions of law to the Court.

151. Defendants deny the allegations of paragraph 151 of the Amended Complaint and respectfully refer all questions of law to the Court.

152. Defendants deny the allegations of paragraph 152 of the Amended Complaint and respectfully refer all questions of law to the Court.

153. Defendants deny the allegations of paragraph 153 of the Amended Complaint and respectfully refer all questions of law to the Court.

154. Defendants deny the allegations of paragraph 154 of the Amended Complaint and respectfully refer all questions of law to the Court.

155. Defendants deny the allegations of paragraph 155 of the Amended Complaint and respectfully refer all questions of law to the Court.

156. Defendants deny the allegations of paragraph 156 of the Amended Complaint and respectfully refer all questions of law to the Court.

157. Defendants deny the allegations of paragraph 157 of the Amended Complaint and respectfully refer all questions of law to the Court.

158.     Defendants deny the allegations of paragraph 158 of the Amended Complaint and respectfully refer all questions of law to the Court.

159.     Defendants deny the allegations of paragraph 159 of the Amended Complaint.

160.     Defendants deny the allegations of paragraph 160 of the Amended Complaint and respectfully refer all questions of law to the Court.

161.     Defendants deny the allegations of paragraph 161 of the Amended Complaint, and respectfully refer the Court to the alleged filings with Civil Court for their construction, interpretation, purport, application, genuineness and legal effect, and respectfully refer all questions of law to the Court.

162.     Defendants deny the allegations of paragraph 162 of the Amended Complaint, and respectfully refer the Court to the alleged filings with Civil Court for their construction, interpretation, purport, application, genuineness and legal effect and respectfully refer all questions of law to the Court.

163.     Defendants deny the allegations of paragraph 163 of the Amended Complaint, and respectfully refer the Court to the alleged filings with Civil Court for their construction, interpretation, purport, application, genuineness and legal effect and respectfully refer all questions of law to the Court.

164.     Defendants deny the allegations of paragraph 164 of the Amended Complaint, and respectfully refer the Court to the alleged filings with Civil Court for their construction, interpretation, purport, application, genuineness and legal effect and respectfully refer all questions of law to the Court.

165.     Defendants deny the allegations of paragraph 165 of the Amended Complaint, and respectfully refer the Court to the alleged filings with Civil Court for their construction,

interpretation, purport, application, genuineness and legal effect and respectfully refer all questions of law to the Court.

166.    Defendants deny the allegations of paragraph 166 of the Amended Complaint, and respectfully refer the Court to the alleged filings with Civil Court for their construction, interpretation, purport, application, genuineness and legal effect and respectfully refer all questions of law to the Court.

167.    Defendants deny the allegations of paragraph 167 of the Amended Complaint, and respectfully refer the Court to the alleged filings with Civil Court for their construction, interpretation, purport, application, genuineness and legal effect and respectfully refer all questions of law to the Court.

168.    Defendants deny the allegations of paragraph 168 of the Amended Complaint, and respectfully refer the Court to the alleged filings with Civil Court for their construction, interpretation, purport, application, genuineness and legal effect and respectfully refer all questions of law to the Court.

169.    Defendants deny the allegations of paragraph 169 of the Amended Complaint, and respectfully refer the Court to the alleged filings with Civil Court for their construction, interpretation, purport, application, genuineness and legal effect and respectfully refer all questions of law to the Court.

170.    Defendants deny the allegations of paragraph 170 of the Amended Complaint and respectfully refer all questions of law to the Court.

171.    Defendants deny the allegations of paragraph 171 of the Amended Complaint and respectfully refer all questions of law to the Court.

172.    Defendants deny the allegations of paragraph 172 of the Amended Complaint and respectfully refer all questions of law to the Court.

173.    Defendants deny the allegations of paragraph 173 of the Amended Complaint and respectfully refer all questions of law to the Court.

174.    Defendants deny the allegations of paragraph 174 of the Amended Complaint and respectfully refer all questions of law to the Court.

175.    Defendants deny the allegations of paragraph 175 of the Amended Complaint.

176.    In response to paragraph 176 of the Amended Complaint, Defendants repeat and re-allege their responses to the allegations incorporated by reference.

177.    Defendants deny the allegations of paragraph 177 of the Amended Complaint and respectfully refer all questions of law to the Court.

178.    Defendants deny the allegations of paragraph 178 of the Amended Complaint and respectfully refer all questions of law to the Court.

179.    Defendants deny the allegations of paragraph 179 of the Amended Complaint and respectfully refer all questions of law to the Court.

180.    Defendants deny the allegations of paragraph 180 of the Amended Complaint and respectfully refer all questions of law to the Court.

181.    Defendants deny the allegations of paragraph 181 of the Amended Complaint and respectfully refer all questions of law to the Court.

182.    Defendants deny the allegations of paragraph 182 of the Amended Complaint and respectfully refer all questions of law to the Court.

183.    Defendants deny the allegations of paragraph 183 of the Amended Complaint and respectfully refer all questions of law to the Court.

184. Defendants deny the allegations of paragraph 184 of the Amended Complaint and respectfully refer all questions of law to the Court.

185. Defendants deny the allegations of paragraph 185 of the Amended Complaint and respectfully refer all questions of law to the Court.

186. Defendants deny the allegations of paragraph 186 of the Amended Complaint and respectfully refer all questions of law to the Court.

187. Defendants deny the allegations of paragraph 187 of the Amended Complaint and respectfully refer all questions of law to the Court.

188. Defendants deny the allegations of paragraph 188 of the Amended Complaint and respectfully refer all questions of law to the Court.

189. Defendants deny the allegations of paragraph 189 of the Amended Complaint and respectfully refer all questions of law to the Court.

190. In response to paragraph 190 of the Amended Complaint, Defendants repeat and re-allege their responses to the allegations incorporated by reference.

191. Defendants deny the allegations of paragraph 191 of the Amended Complaint and respectfully refer all questions of law to the Court.

192. Defendants deny the allegations of paragraph 192 of the Amended Complaint and respectfully refer all questions of law to the Court.

193. Defendants deny the allegations of paragraph 193 of the Amended Complaint and respectfully refer all questions of law to the Court.

194. Defendants deny the allegations of paragraph 194 of the Amended Complaint and respectfully refer all questions of law to the Court.

195.    Defendants deny the allegations of paragraph 195 of the Amended Complaint and respectfully refer all questions of law to the Court.

196.    Defendants deny the allegations of paragraph 196 of the Amended Complaint and respectfully refer all questions of law to the Court.

197.    The allegations contained paragraph 197 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court in its Opinion and Order dated March 27, 2014, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for deny knowledge and information sufficient to form a belief as to the truth).

198.    The allegations contained paragraph 198 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court in its Opinion and Order dated March 27, 2014, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for deny knowledge and information sufficient to form a belief as to the truth).

199.    The allegations contained paragraph 199 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court in its Opinion and Order dated March 27, 2014, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for deny knowledge and information sufficient to form a belief as to the truth).

200.    The allegations contained paragraph 200 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court in its Opinion and Order dated March 27, 2014, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for deny knowledge and information sufficient to form a belief as to the truth).

201.    The allegations contained paragraph 201 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court in its Opinion and Order dated March

27, 2014, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for deny knowledge and information sufficient to form a belief as to the truth).

202. The allegations contained in paragraph 202 of the Amended Complaint consist entirely of legal argument and conclusions, to which no responsive pleading is required. Defendants reserve their right to object to Plaintiffs' jury demand.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Amended Complaint fails to state a cause of action against Defendants for violation of the civil RICO Act, 18 U.S.C. §§ 1962(c) and (d), and fails to state any other cause of action based in statute or common law.

2. Defendants are not employed by or associated with a RICO enterprise.

3. Defendants do not conduct or participate, directly or indirectly, in the conduct of a RICO enterprise's affairs.

4. There is no pattern of racketeering activity, either closed-ended or open-ended, or collection of unlawful debt, and Defendants have not participated therein.

5. Plaintiffs were not injured by a pattern of racketeering activity.

6. Defendants were not either the but-for cause, or the proximate cause, of Plaintiffs' alleged injury.

7. Plaintiffs were not injured by reason of violations of § 1962(c).

8. Defendants did not injure Plaintiffs in their business or property.

9. Plaintiffs' alleged injury involved only isolated transactions.

10. Plaintiffs' alleged damages are not compensable under RICO.

11.     Defendants have not committed, or aided and abetted, wire fraud, mail fraud, extortion under federal or state law, or any other predicate acts that constitute a pattern of racketeering activity.

12.     Defendants did not participate in a RICO conspiracy.

13.     Defendants did not extort, or attempt to extort, Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

14.     The allegations in the Amended Complaint against Defendants do not satisfy the pleading requirements of Fed. R. Civ. P. 9(b).

15.     Defendants do not have fair notice of Plaintiffs' claim against them.

16.     Plaintiffs' claims against Defendants are vague and ambiguous.

## THIRD AFFIRMATIVE DEFENSE

17.     Plaintiffs lack RICO standing.

18.     The Court lacks subject matter jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE

19.     Plaintiffs' claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

20.     Plaintiffs' claims are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

21.     Plaintiffs' claims are barred by the doctrines of waiver and release.

## SEVENTH AFFIRMATIVE DEFENSE

22.     Plaintiffs' claims are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

23.     Plaintiffs failed to mitigate or otherwise act to lessen or reduce the damages alleged.

## NINTH AFFIRMATIVE DEFENSE

24.     Plaintiffs are not entitled to interest or to punitive, extraordinary, speculative or non-foreseeable damages or to counsel fees and costs pursuant to law or contract.

## TENTH AFFIRMATIVE DEFENSE

25.     Plaintiffs' claims are barred by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSES

26.     Plaintiffs' leases are not forged.

27.     Plaintiffs' leases are not fraudulent.

28.     Plaintiffs admit that the leases are not forged or fraudulent to the extent they, *inter alia*, rely on the choice of New York jurisdiction clauses therein, and made other admissions.

29.     Plaintiffs were properly served with process in the relevant Civil Court actions.

30.     Default judgments against Plaintiffs in the relevant Civil Court actions were duly entered and legal.

## TWELFTH AFFIRMATIVE DEFENSE

31.     Plaintiffs' claims are barred by the doctrine of res judicata.

32.     Plaintiffs' claims are barred by the doctrine of improper claim-splitting.

33.     Plaintiffs' claims are barred by their failure to assert them as defenses or counter-claims to the relevant Civil Court actions.

## COUNTERCLAIMS

1.      NLS, MBF and LFG are each companies that are engaged in the lease financing business.

2.      In the course of their business, NLS, MBF and LFG each supply financing for the leasing of electronic point-of-sale equipment to merchants selecting such equipment from a third-party equipment vendor.

### FIRST COUNTERCLAIM (Against Angermeir)

3.      On or about October 7, 2008, MBF, as lessor, entered into an Equipment Finance Lease agreement with BRYANT PLUMBING ("Angermeir Lessee"), payment on which was personally guaranteed by Angermeir.

4.      The lease agreement and guarantee described in the previous paragraph are collectively referred to herein as the "Angermeir Agreement".

5.      The Angermeir Agreement provides that in the event of a default, MBF may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the Angermeir Agreement.

6.      Angermeir unconditionally guaranteed all of the Angermeir Lessee's obligations to MBF under the Angermeir Agreement, including the basic monthly lease payment by the Angermeir Lessee to MBF of $ 115.00 for a period of 36 months, plus MBF's attorney's fees and legal costs incurred in enforcing the Angermeir Agreement.

7.      The Angermeir Lessee defaulted by failing to make the required monthly lease payments under the Angermeir Agreement.

8.      The Angermeir Lessee made its last payment under the Angermeir Agreement on January 1, 2009 for a total amount paid of $460.00.

9. As a result of the Angermeir Lessee's failure to make the payment due on February 1, 2009 and each and every monthly lease payment due thereafter, there has been a default under the Angermeir Agreement.

10. Thus, there is presently due and owing from the Angermeir Lessee to MBF the remaining unpaid lease balance of $3,680.00 with interest thereon from February 1, 2009, plus MBF's attorney's fees and legal costs.

11. Therefore, pursuant to the Angermeir's personal guaranty, including Angermeir's unconditional guaranty to pay MBF's attorney's fees and legal costs incurred in enforcing the Angermeir Agreement, there is presently due and owing from Angermeir to MBF the sum of $3,680.00 with interest thereon from February 1, 2009, plus MBF's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

## SECOND COUNTERCLAIM (Against Bhagwanani)

12. On or about November 13, 2008, NLS, as lessor, entered into an Equipment Finance Lease Agreement with Fiesta Latina ("Bhagwanani Lessee"), payment on which was personally guaranteed by Bhagwanani.

13. The lease agreement and guarantee described in the previous paragraph are collectively referred to herein as the "Bhagwanani Agreement".

14. The Bhagwanani Agreement provides that in the event of a default, NLS may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the Bhagwanani Agreement.

15. Bhagwanani unconditionally guaranteed all of the Bhagwanani Lessee's obligations to NLS under the Bhagwanani Agreement, including the basic monthly lease

payment by the Bhagwanani Lessee to NLS of $129.00 for a period of 48 months, plus NLS's attorney's fees and legal costs incurred in enforcing the Bhagwanani Agreement.

16.     The Bhagwanani Lessee defaulted by failing to make the required monthly lease payments under the Bhagwanani Agreement.

17.     The Bhagwanani Lessee made its last payment under the Bhagwanani Agreement on December 1, 2008, for a total amount paid of $258.00.

18.     As a result of the Bhagwanani Lessee's failure to make the payment due on January 1, 2009 and each and every monthly lease payment due thereafter, there has been a default under the Bhagwanani Agreement.

19.     Thus, there is presently due and owing from the Bhagwanani Lessee to NLS the remaining unpaid lease balance of $5,934.00, with interest thereon from January 1, 2009, plus NLS's attorney's fees and legal costs.

20.     Therefore, pursuant to the Bhagwanani's personal guaranty, including Bhagwanani's unconditional guaranty to pay NLS's attorney's fees and legal costs incurred in enforcing the Bhagwanani Agreement, there is presently due and owing from Bhagwanani to NLS the sum of $5,934.00, with interest thereon from January 1, 2009, plus NLS's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

<u>THIRD COUNTERCLAIM (Against Elder)</u>

21.     On or about July 13, 2009, MBF, as lessor, entered into an Equipment Finance Lease Agreement with PLANET LIQUID & TOBACCO ("Elder Lessee"), payment on which was personally guaranteed by Elder.

22.     The lease agreement and guarantee described in the previous paragraph are collectively referred to herein as the "Elder Agreement".

23.     The Elder Agreement provides that in the event of a default, MBF may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the Elder Agreement.

24.     Elder unconditionally guaranteed all of the Elder Lessee's obligations to MBF under the Elder Agreement, including the basic monthly lease payment by the Elder Lessee to MBF of $99.95 for a period of 48 months, plus MBF's attorney's fees and legal costs incurred in enforcing the Elder Agreement.

25.     The Elder Lessee defaulted by failing to make the required monthly lease payments under the Elder Agreement.

26.     The Elder Lessee made its last payment under the Elder Agreement on October 1, 2010, for a total amount paid of $1,599.20.

27.     As a result of the Elder Lessee's failure to make the payment due on November 1, 2010 and each and every monthly lease payment due thereafter, there has been a default under the Elder Agreement.

28.     Thus, there is presently due and owing from the Elder Lessee to MBF the remaining unpaid lease balance of $3,198.40, with interest thereon from November 1, 2010, plus MBF's attorney's fees and legal costs.

29.     Therefore, pursuant to Elder's personal guaranty, including Elder's unconditional guaranty to pay MBF's attorney's fees and legal costs incurred in enforcing the Elder Agreement, there is presently due and owing from Elder to MBF the sum of $3,198.40 with interest thereon from November 1, 2010, plus MBF's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

## FOURTH COUNTERCLAIM (Against Greene)

30.     On or about January 25, 2005, NLS, as lessor, entered into an Equipment Finance Lease Agreement with CIMARRON GRILL ("Greene Lessee"), payment on which was personally guaranteed by Greene.

31.     The lease agreement and guarantee described in the previous paragraph are collectively referred to herein as the "Greene Agreement".

32.     The Greene Agreement provides that in the event of a default, NLS may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the Greene Agreement.

33.     Greene unconditionally guaranteed all of the Greene Lessee's obligations to NLS under the Greene Agreement, including the basic monthly lease payment by the Greene Lessee to NLS of $49.99 for a period of 48 months, plus NLS's attorney's fees and legal costs incurred in enforcing the Greene Agreement.

34.     The Greene Lessee defaulted by failing to make the required monthly lease payments under the Greene Agreement.

35.     The Greene Lessee made its last payment under the Greene Agreement on July 1, 2006 for a total amount paid of $949.81.

36.     As a result of the Greene Lessee's failure to make the payment due on August 1, 2006 and each and every monthly lease payment due thereafter, there has been a default under the Greene Agreement.

37.     Thus, there is presently due and owing from the Greene Lessee to NLS the remaining unpaid lease balance of $1,449.71, with interest thereon from August 1, 2006, plus NLS's attorney's fees and legal costs.

38.     Therefore, pursuant to Greene's personal guaranty, including Greene's unconditional guaranty to pay NLS's attorney's fees and legal costs incurred in enforcing the Greene Agreement, there is presently due and owing from Greene to NLS the sum of $1,449.71,with interest thereon from August 1, 2006, plus NLS's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

FIFTH COUNTERCLAIM (Against Murrell)

39.     On or about November 18, 2010, NLS, as lessor, entered into an Equipment Finance Lease Agreement with M & D RESTAURANT DESIGN, INC. ("Murrell Lessee"), payment on which was personally guaranteed by Murrell.

40.     The lease agreement and guarantee described in the previous paragraph are collectively referred to herein as the "Murrell Agreement".

41.     The Murrell Agreement provides that in the event of a default, NLS may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the Murrell Agreement.

42.     Murrell unconditionally guaranteed all of the Murrell Lessee's obligations to NLS under the Murrell Agreement, including the basic monthly lease payment by the Murrell Lessee to NLS of $59.99 for a period of 48 months, plus NLS's attorney's fees and legal costs incurred in enforcing the Murrell Agreement.

43.     The Murrell Lessee defaulted by failing to make the required monthly lease payments under the Murrell Agreement.

44.     The Murrell Lessee made its last payment under the Murrell Agreement on January 1, 2011 for a total amount paid of $119.98.

45.     As a result of the Murrell Lessee's failure to make the payment due on February 1, 2011 and each and every monthly lease payment due thereafter, there has been a default under the Murrell Agreement.

46.     Thus, there is presently due and owing from the Murrell Lessee to NLS the remaining unpaid lease balance of $2,759.54, with interest thereon from February 1, 2011, plus NLS's attorney's fees and legal costs.

47.     Therefore, pursuant to Murrell's personal guaranty, including Murrell's unconditional guaranty to pay NLS's attorney's fees and legal costs incurred in enforcing the Murrell Agreement, there is presently due and owing from Murrell to NLS the sum of $2,759.54, with interest thereon from February 1, 2011, plus NLS's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

48.     On January 4, 2011, Murrell admitted in a telephone call to NLS that she signed the Murrell Agreement.

**WHEREFORE**, Defendants demand (a) judgment dismissing the Amended Complaint with prejudice, (b) monetary judgments in favor of NLS, MBG and LFG and against Murrell, Greene, Elder, Bhagwanani and Angermeir for the amount of each respective counterclaim, (c) an award of Defendants' costs, disbursements and attorney's fees, and (d) such other and further relief as the Court deems just.

Dated: New York, New York
  May 23, 2014

        MOSES & SINGER LLP
        *Attorneys for Defendants*

        By: ___/s/_____
          Robert D. Lillienstein, Esq.
          Jordan Greenberger, Esq.
        The Chrysler Building
        405 Lexington Avenue
        New York, New York 10174
        (212) 554-7800 (telephone)
        (212) 554-7807 (facsimile)