USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 15, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ARTHUR ANGERMEIR et al.,

            Plaintiffs,

-v-                                12-cv-55 (KBF)

JAY COHEN et al.,

            Defendants.

------------------------------------------------------------X

PATRICIA J. RITCHIE,

            Plaintiff,          12-cv-4992 (KBF)

-v-                                ORDER

NORTHERN LEASING SYSTEMS, INC. et al.,

            Defendants.

------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

1. The Court has reviewed <u>in camera</u> the documents listed in plaintiffs' privilege logs—both the paper documents mailed to the Court on April 8, 2015 and the electronic documents on the DVD mailed to the Court on April 10, 2015. While the Court has not read each and every document, it has read a substantial number. These are the type of litigation documents that are typically withheld as privileged. Accordingly, no further action on this issue is necessary at this time. This Order does not preclude defendants from challenging the privilege designation of specific documents, but the parties shall meet-and-confer before any dispute is brought to the Court's attention.

2.  The Court has reviewed plaintiffs' motion for reconsideration of the Court's March 31, 2015 discovery order (ECF No. 98 in 12-cv-55), as well as defendants' opposition. (ECF Nos. 112 and 116 in 12-cv-55.) Counsel Chittur brought this motion after he failed to provide the Court with a status report as to discovery by the court-ordered deadline. The Court does not intend to punish any counsel for genuine personal issues that impair counsel's ability to comply with the Court's deadlines. The Court does note, however, that there are two counsel-of-record in the Ritchie action, which should reduce or eliminate the need for delays due to personal issues.

Counsel is not relieved of the duty to produce that which the March 31, 2015 Order requires him to produce. However, to the extent the Order requires production of documents which have already been produced, no further action is required.

Counsel's request to strike paragraph 1 of the March 31, 2015 Order as "factually incorrect" is DENIED. Paragraph 1 states:

> Initial Disclosures. Plaintiff Angermeir has not produced initial disclosures following motion practice and a court order. Angermeir has therefore willfully violated a court order. Its claims shall be dismissed within **3 days** if such disclosures are not made.

This paragraph is, in fact, factually correct. Plaintiff Angermeir has not produced an initial disclosure of his damages calculations, as required by Rule 26. See Fed. R. Civ. P. 26(a)(1)(A)(iii) ("[A] party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party."). Defendants had raised this issue via a letter-motion on

2

August 28, 2014 (ECF No. 38), and plaintiff Angermeir had missed at least two deadlines to quantify his damages, including a January 30, 2015 deadline imposed by Magistrate Judge Smith.  (See 01/30/2015 Tr. 9:17-19, ECF No. 116 Ex. B in 12-cv-55.)

All the deadlines in the March 31, 2015 Order are hereby extended by **3 days**.  Failure to comply with any remaining obligations will result in the dismissal of plaintiff's claims.

The Clerk of Court is directed to terminate the motion at ECF No. 112 in 12-cv-55 and ECF No. 97 in 12-cv-4992.

SO ORDERED.

Dated:     New York, New York
           April 15, 2015

_____
KATHERINE B. FORREST
United States District Judge