```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
   ARTHUR ANGERMEIR et al.,                :
                                           :
                          Plaintiffs,      :
                                           :            12-cv-55 (KBF)
               -v-                         :
                                           :            MEMORANDUM
   JAY COHEN et al.,                       :            DECISION & ORDER
                                           :
                          Defendants.      :
------------------------------------------------------------------X
```

<span style="float:right">USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: July 13, 2015</span>

KATHERINE B. FORREST, District Judge:

     This Memorandum Decision & Order addresses the Court's jurisdiction to adjudicate defendants' state-law counterclaims in light of the dismissal of the claims that gave rise to federal question jurisdiction. For the reasons set forth below, the Court does not have diversity jurisdiction over the counterclaims and declines to exercise supplemental jurisdiction over them. Accordingly, the counterclaims are DISMISSED without prejudice as to all plaintiffs except plaintiff Ken Elder ("Elder")—the only plaintiff whose affirmative claims have not been dismissed. Defendants' counterclaim against Elder is STAYED and will be revisited together with Elder's affirmative claims.

I.    BACKGROUND

     By Opinion & Order dated June 17, 2015, the Court dismissed the Second Amended Complaint with prejudice as to all plaintiffs except Elder and Arthur Angermeir ("Angermeir") for repeatedly failing to produce court-ordered discovery. (ECF No. 173.) The Court subsequently dismissed the Second Amended Complaint without prejudice as to plaintiff Angermeir, who had indicated that he wished to

withdraw as plaintiff.  (ECF No. 188.)  The Court stayed plaintiff Elder's claims for a period of six months due to the injuries he sustained in an automobile accident.  (ECF No. 184.)

The dismissal of plaintiffs'[1] claims eliminated the basis for federal question jurisdiction, leaving only defendants' state-law counterclaims before the Court.  Defendants' counterclaims seek to collect the unpaid balances under the business equipment leases which defendants allege plaintiffs signed as guarantors (and which plaintiffs allege are forged).  The counterclaims are asserted against five of the plaintiffs for the following amounts: against Angermeir for $3,680.00 with interest from February 1, 2009; against Nitesh Bhagwanani ("Bhagwanani") for $5,934.00 with interest from January 1, 2009; against Elder for $3,198.40 with interest from November 1, 2010; against Kristina Greene ("Greene") for $1,449.71 with interest from August 1, 2006; and against Marilyn Murrell ("Murrell") for $2,759.54 with interest from February 1, 2011.  (ECF No. 151.)

On June 17, 2015, the Court ordered the parties to advise the Court as to their views regarding the appropriate way to proceed with respect to the counterclaims.  The Court has received a number of submissions on that topic.  (ECF Nos. 178-80, 183, 185, 187.)  Defendants' position is that the Court has diversity jurisdiction over the counterclaims because the attorney's fees incurred in connection with the instant action push the amount in controversy over the $75,000 threshold.  In the alternative, defendants argue that the Court should exercise

---

[1] The Court will use "plaintiffs" to refer to all plaintiffs except Elder.

supplemental jurisdiction over the counterclaims pursuant to 28 U.S.C. § 1367. Plaintiffs' position is that the counterclaims fall below the $75,000 amount-in-controversy requirement for diversity jurisdiction and that supplemental jurisdiction is inappropriate in light of the dismissal of plaintiffs' affirmative claims. For the reasons below, the Court agrees with plaintiffs.

II.     LEGAL STANDARDS

   A.     Diversity Jurisdiction

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001) (citations omitted). It is well-established that aggregation of claims against multiple defendants is impermissible unless the defendants' liability is joint rather than several. See Sovereign Camp, W.O.W., v. O'Neill, 266 U.S. 292, 295 (1924) ("It is the settled general rule . . . that in a suit based on diversity of citizenship brought against several defendants . . . which are separate and distinct . . . the test of jurisdiction is the amount of each separate claim, and not their aggregate amount." (citations omitted)); see also Chase Manhattan Bank, N.A. v. Aldridge, 906 F. Supp. 870, 874 (S.D.N.Y. 1995). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory

3

jurisdictional amount." Scherer v. Equitable Life Assurance Soc'y, 347 F.3d 394, 397 (2d Cir. 2003) (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)) (internal quotation marks omitted).

The Second Circuit has held that attorney's fees may be used to satisfy the amount-in-controversy requirement "if they are recoverable as a matter of right pursuant to statute or contract." Kimm v. KCC Trading, Inc., 449 F. App'x 85, 85-86 (2d Cir. 2012) (summary order) (citations omitted). "The rule in New York is that an award of fees 'in excess of the amount involved in a litigation would normally appear to be unreasonable.'" Diamond D Enterprises USA, Inc. v. Steinsvaag, 979 F.2d 14, 19 (2d Cir. 1992) (citation omitted); see also F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1264 (2d Cir. 1987) ("New York courts . . . will rarely find reasonable an award to a plaintiff that exceeds the amount involved in the litigation." (citation omitted)). "This is only a rule of thumb, however." Diamond, 979 F.2d at 20. "[W]here a fee applicant recovers on a claim subject to a contractual attorney's fee provision and in the process litigates a counterclaim on which he must prevail in order to recover on his claim, then the fee applicant is entitled to his attorney's fees for both the claim and the counterclaim." Id. at 18 (citation and internal quotation marks omitted).

B.  Supplemental Jurisdiction

A district court has supplemental jurisdiction over claims that are "so related" to claims within the court's original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."  28

U.S.C. § 1367(a). However, the court may, at its discretion, decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction, the court should balance the traditional "values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 350 n.7.

III. DISCUSSION

This Court does not have diversity jurisdiction over defendants' counterclaims. To invoke diversity jurisdiction, defendants must demonstrate that "it appears to a 'reasonable probability'" that each of their counterclaims, separately, is for an amount in excess of $75,000. Scherer, 347 F.3d at 397. Defendants have not met this burden. The principal amount sought in each counterclaim is between $1,449.71 and $5,934.00—that is, merely 1.9% to 7.9% of the threshold jurisdictional amount of $75,000. Defendants attempt to fill the gap with attorney's fees, relying on the provision in each lease permitting recovery of "reasonable attorney's fees and other expenses" incurred "in enforcing the guaranty and Lease." Defendants assert that, with attorney's fees, the damages that they will seek to recover against each plaintiff/counterclaim-defendant "is in excess of

5

$300,000." (See 6/22/15 Ltr. at 1, ECF No. 179.) However, this assertion is insufficient to demonstrate a "reasonable probability" that the amount-in-controversy requirement is met.

First, defendants have not provided a plaintiff-by-plaintiff breakdown of their attorney's fees; without such a breakdown, the Court cannot assess whether the $75,000 threshold is reached as to each plaintiff separately. Next, and in any event, the leases permit the recovery of "reasonable" attorney's fees incurred in "enforcing" the leases. Here, defendants' claim of approximately $300,000 in attorney's fees is, by any measure, unreasonable—given that the principal amount of each counterclaim is only a few thousand dollars. See F.H. Krear, 810 F.2d at 1264 ("[A] contract provision for a 'reasonable' attorneys' fee does not suggest that the parties envisioned that a prevailing plaintiff would be entitled to fees exceeding or even approaching the amount of its recovery."). While the need to defend against plaintiffs' claims may increase the size of the appropriate attorney's fee award, it does not permit defendants to recover over ten, and in some cases fifty, times the principal amount of each counterclaim—which is necessary to meet the $75,000 threshold. Moreover, defendants have not provided any contemporaneous billing records from which the Court may assess which fees were properly incurred in "enforcing" the leases and which were incurred in connection with other collateral matters. Accordingly, the Court lacks diversity jurisdiction over defendants' counterclaims.

The Court also declines to exercise supplemental jurisdiction over the counterclaims.[2] Although this action was filed in 2012, not much has taken place in the intervening years: plaintiffs have produced very little discovery (which resulted in the dismissal of their claims), no motions for summary judgment have been filed, and defendants' counterclaims have not been the subject of any motion practice. The Court finds that the "values of judicial economy, convenience, fairness, and comity," Cohill, 484 U.S. at 350, weigh against exercising supplemental jurisdiction over defendants' purely state-law counterclaims.

IV. CONCLUSION

For the reasons set forth below, the counterclaims are DISMISSED without prejudice as to all plaintiffs except Elder. The counterclaim against Elder is hereby STAYED and will be revisited on December 29, 2015, together with Elder's affirmative claims.

SO ORDERED.

Dated:     New York, New York
           July 13, 2015

                                         _____
                                         KATHERINE B. FORREST
                                         United States District Judge

CC:   Arthur Angermeir
      1835 Whittier Ave. Apt. F 11
      Costa Mesa, CA 92627

---

[2] The Court notes that while plaintiff Elder's claims have not been dismissed, these claims do not provide a basis for supplemental jurisdiction over counterclaims against other plaintiffs. These counterclaims concern separate leases and are not "so related" to Elder's claims "that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a).