| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------ X<br>ARTHUR ANGERMEIR, et al.,<br><br>                             Plaintiffs,<br><br>                 -v-<br><br>JAY COHEN, et al.,<br><br>                             Defendants.<br>------------------------------------------------------------ X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>August 8, 2017</u><br><br><br>12-cv-55 (KBF)<br><br>ORDER |

KATHERINE B. FORREST, District Judge:

      The last items to be resolved in this long and tortured litigation—a litigation that has gone on far longer than it should have and consumed more resources than any court should have had to expend—are three motions for sanctions. After being the recipient of a motion by defendants (ECF Nos. 210), plaintiffs filed two of their own, back to back (ECF Nos. 217, 218). Defendants then filed a letter motion asking the Court to deny plaintiffs' motions <u>sua sponte</u> (ECF No. 25). By this Order, this Court declares an end to this litigation and DENIES each of the pending motions.

      The defendants' motion for attorneys' fees and expenses is based on this Court's imposition of severe discovery sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. Defendants characterize a fee and expense award under such circumstances as mandatory. Under the circumstances here, with unsophisticated plaintiffs who have already been penalized enough, it is not.

Cases with as many ridiculous twists and turns as this one had thankfully occur only rarely. But when they do, they are "doozies." Here, this "doozy" started its life in White Plains and proceeded for some time before a Magistrate Judge. Many discovery issues on both sides were raised before her; orders were issued, orders were ignored, orders were re-issued. The matter then came to the undersigned. More discovery issues were raised—issues on both sides—and more orders were issued, ignored, and so on, until this Court declared an end to all of that, and issued terminating sanctions on plaintiffs.

Throughout all of this, one point has become clear: plaintiffs themselves are individuals who are not sophisticated (at least insofar as commercial litigation is concerned), and appear not to have understood the extent of their discovery obligations. Their counsel is not blameless; but discovery sanctions on counsel are not mandatory. Counsel has also experienced the reputational impact of terminating sanctions. That is certainly a penalty.

Under all of the circumstances that thread through the motion practice, this Court views totality of circumstances to weigh against the imposition of financial sanctions. Plaintiffs' cases were dismissed. They have lost their appeal. That is sufficient.

The Court has also considered plaintiffs' sanctions motions. They are simply frivolous. While a frivolous sanctions motion can itself beget sanctions, in the interest of getting this all over with, the Court calls an end to this merry-go-round.

In the interests of justice, and primarily because plaintiffs have been penalized enough and would suffer unduly, the Court DENIES all of the pending motions.

The Clerk of the Court is directed to terminate the motions at ECF Nos. 210, 217, 218 and 225.

This matter is terminated in its entirety. The Court will accept no further filings from any party in this case.

SO ORDERED.

Dated:   New York, New York
         August 8, 2017

_____
KATHERINE B. FORREST
United States District Judge